IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| CASEY ATES, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 5:15-cv-55 (MTT) (CHW) |
| | : | |
| Sheriff HAROLD LANCASTER, | : | Proceedings Under 42 U.S.C. § 1983 |
| | : | Before the U.S. Magistrate Judge |
| Defendant. | : | |
| | : | |

## RECOMMENDATION

Before the Court is Casey Ates's Motion for a Writ of Mandamus. (Doc. 1). Ates claims that the elected officials of Bleckley County, Georgia, fraudulently took from him a forty-five dollar "bond fee," thereby violating his constitutional rights. Although intentional deprivations of property may violate the Due Process Clause of the Fourteenth Amendment, they do not do so where adequate state post-deprivation remedies are available. *Hudson v. Palmer*, 468 U.S. 517 (1984). Because the Georgia Code allows Ates to petition the Georgia courts for a writ of mandamus, *see* O.C.G.A. § 9-6-20, to say nothing of the other remedies provided for by Georgia law, *see, e.g.*, *Ward v. Mays*, no. 5:14-cv-291 (MTT), 2014 WL 5091887 (Oct. 2014), and because there is no indication that Ates has attempted to avail himself of these state remedies, it is **RECOMMENDED** that Ates's Motion for Writ of Mandamus be **DISMISSED**.

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may object, or seek an extension of time to objection, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation. The District Judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

Plaintiff is further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 25th day of February, 2015.

s/ Charles H. Weigle  
Charles H. Weigle  
United States Magistrate Judge